# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C.; and NAGRASTAR LLC | | PLAINTIFFS |
| v. | No. 4:17CV00552 JLH | |
| DERRICK COOK | | DEFENDANT |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

The Court hereby finds, concludes, and orders as follows:

### FINDINGS

1. The plaintiffs brought this action against defendant Derrick Cook for unlawfully circumventing the DISH Network security system and receiving copyrighted, subscription-based DISH Network satellite television programming without authorization and without payment to DISH Network. Cook accomplished this in part by subscribing to a pirate television service known as Satlobo and SmallIKS (collectively, the "IKS Services"). The pirate IKS Services allowed Cook to decrypt DISH Network's satellite signal illegally and view copyrighted satellite television programming without authorization from DISH Network. (Doc. No. 1, Pls.' Compl.)

2. Cook was properly served with a copy of the summons and complaint, but he failed to file an answer, responsive pleading, or otherwise defend the lawsuit within the time allowed. DISH Network submitted evidence that Cook is not an infant, not an incompetent person, and not on active duty in the military or otherwise exempted under the Servicemembers' Civil Relief Act.

3. As a result of Cook's failure to answer the Complaint, or otherwise appear in this action at all, the Court accepts as true the following well-pleaded allegations:

    a. DISH Network is a multi-channel video provider that delivers video, audio, and data services via a direct broadcast satellite system to approximately 14 million

subscribers. DISH Network uses high-powered satellites to broadcast, among other things, movies, sports and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event the purchase price. (Doc. No. 1, Pls.' Compl. ¶¶9-10.)

  b. DISH Network contracts for and purchases the distribution rights for most of the programming broadcast on the DISH Network platform from providers such as network affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports leagues, and other holders of programming rights. The works that are broadcast on the DISH Network platform are copyrighted. DISH Network has the authority of the copyright holders to protect these works from unauthorized reception and viewing. (Id. ¶¶11-12.)

  c. DISH Network programming is digitized, compressed, and scrambled prior to being transmitted to multiple satellites located in geo-synchronous orbit above Earth. The satellites then relay the encrypted signal back down to Earth where it can be received by DISH Network subscribers that have the necessary equipment. (Id. ¶13.)

  d. The DISH Network receiver processes an incoming DISH Network satellite signal by locating an encrypted part of the transmission known as the entitlement control message and forwards that message to the smart card. Provided that the subscriber is tuned to a channel he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a control word. The control word is then transmitted back to the receiver in order to decrypt the DISH Network satellite signal. Each receiver and smart card is assigned a unique serial number which is used by DISH Network when activating the equipment, and to ensure the equipment only decrypts programming that the customer is

authorized to receive as part of his subscription package and pay-per-view purchases. (Id. ¶¶17-18.)

  e. The IKS Services are pirate internet key sharing ("IKS") television services that provided end-users computer software and decryption codes needed to descramble DISH Network television programming without authority and without payment of a subscription fee to DISH Network. (Id. ¶25.)

  f. Cook violated federal laws by utilizing the IKS Services to obtain DISH Network's descrambling control words to receive and descramble DISH Network copyrighted television programming illegally. (Id. ¶27.)

4. The plaintiffs submitted evidence that Cook connected to the IKS Services' servers resulting in his interception of the plaintiffs' satellite signals of copyrighted satellite television programming, without authorization from the plaintiffs. Pursuant to 18 U.S.C. § 2520 of the Electronic Communications Privacy Act, the plaintiffs are entitled to statutory damages of $10,000 for Cook's interception of the plaintiffs' satellite signal. The plaintiffs seek $10,000 in their Motion for Default Judgment and Request for Statutory Damages and Permanent Injunction.

**ORDER**

Upon default of the defendant Derrick Cook, the Court, having reviewed the evidence and arguments in this matter hereby ORDERS and ADJUDGES as follows:

1. Cook and anyone acting in active concert or participation with him, or at his direction or control, are hereby PERMANENTLY ENJOINED from:

a. intercepting the plaintiffs' satellite television transmissions without the plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing);

b. assisting others in intercepting the plaintiffs' satellite television transmissions without the plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing); and

c. testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from the plaintiffs' satellite television receivers, access cards, data stream or any other part or component of the plaintiffs' security system or other technology used to gain access to DISH Network programming including through the use of Internet Key Sharing (also known as Control Word Sharing).

2. This permanent injunction takes effect immediately.

3. Under Count III, the Court awards DISH Network L.L.C. and NagraStar LLC statutory damages in the amount of $10,000 as to Cook on the plaintiffs' claim under 18 U.S.C. §§ 2511(1)(a) and 2520.

4. Counts I and II are dismissed with prejudice.

5. The Court retains jurisdiction over this action for the purpose of enforcing the injunction granted herein.

IT IS SO ORDERED this 20th day of November, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE